13534

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT FRITZ** | CIVIL ACTION NO.: |
| vs. | JUDGE: |
| **KNIGHT WELL SERVICES, LLC** | MAGISTRATE: |

ORIGINAL COMPLAINT

Plaintiff, **ROBERT FRITZ**, a resident of and domiciled in the State of Louisiana, Parish of Lafayette, complaining of **KNIGHT WELL SERVICES, LLC**, a domestic limited liability company doing business at all times material hereto within the State of Louisiana and having its principal place of business specifically within the Western District of Louisiana, respectfully represents that:

1.

This is an action for damages brought by Plaintiff, **ROBERT FRITZ**, under the the General Maritime Law of negligence and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel. Additionally, Plaintiff brings this claim pursuant to the Jones Act, alleging that he was injured while in the course and scope of his employment with defendant, **KNIGHT WELL SERVICES, LLC.** as a Jones Act Seaman. Alternatively, in the event that Plaintiff, **ROBERT FRITZ**, is not found to be a Jones Act Seaman, then this matter is brought under 33 U.S.C.A. § 905(b) of the Longshore and Harborworkers' Compensation Act. Plaintiff hereby designates this suit as an admiralty or maritime claim within the provisions of Federal Rules of Civil Procedure, Rule 9(h). The Plaintiff will show that on or about October 26, 2013, he received serious and disabling injuries in the course and scope of his employment with **KNIGHT WELL SERVICES, LLC**, while

serving aboard a vessel (the *Miss Anne*) owned and operated by the Defendant, **KNIGHT WELL SERVICES, LLC**. The complained of injuries that the Plaintiff received were proximately caused by and resulted solely through the negligence of the Defendant, their master, agents, servants, and employees or because of the unseaworthiness of the vessel, the *Miss Anne*.

2.

JURISDICTION

Jurisdiction is founded upon Federal Question (28 U.S.C. §1331) pursuant to Longshore and Harborworkers' Compensation Act (33 U.S.C.A. § 905(b) ), the Jones Act (46 U.S.C.A. § 30104), the General Maritime Law of Negligence, and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel.

3.

Plaintiff, **ROBERT FRITZ**, is a person of the full age of majority, domiciled in the Parish of Lafayette in the State of Louisiana.

4.

Defendant, **KNIGHT WELL SERVICES, LLC**, is a domestic limited liability company doing business in the State of Louisiana, with its principal business establishment located at 2727 Southeast Evangeline Thruway, Lafayette, Louisiana 70508. Upon information and belief, at all pertinent times, Defendant, **KNIGHT WELL SERVICES, LLC**, owned and operated the vessel/barge upon which the Plaintiff was injured.

5.

On or about October 26, 2013, Plaintiff, **ROBERT FRITZ**, was employed by Defendant, **KNIGHT WELL SERVICES, LLC**, as slick line operator on a barge owned by Defendant, **KNIGHT WELL SERVICES, LLC**, which was located on Turtle Bayou in Terrebonne Parish, Louisiana.

6.

The Defendants are liable unto Plaintiff for the injuries and damages he sustained on or about October 26, 2013, as a result of the negligent actions of the Defendants as set forth hereinafter.

7.

Specifically, on or about October 26, 2013, while performing work aboard Defendant's, **KNIGHT WELL SERVICES, LLC**, vessel/barge the *Miss Anne*, Plaintiff was ordered by the company man to go out on wooden slats over the wellhead. While out on the wooden slats over the wellhead, the slats broke and Plaintiff, **ROBERT FRITZ**, fell onto the wellhead from a distance of what is believed to be 3-4 feet, landing upon his ribs. The fall caused him to suffer severe and disabling injuries, including but not limited to, severe and debilitating injuries to his back and ribcage area.

8.

The Plaintiff's injuries have in the past required and may in the future require, certain medicines, medical care, treatment, and surgeries. Because of the accident, Plaintiff has in the past been and may in the future be disabled from performing his usual duties, occupation or trade pursuits, causing a loss of wages and earnings capacity.

9.

Defendant, **KNIGHT WELL SERVICES, LLC**, has violated the General Maritime Law of negligence. A proximate cause of the aforementioned accident and subsequent injuries to Plaintiff was a result of the following non-exclusive list of omissions and/or commissions on the part of the Defendant, **KNIGHT WELL SERVICES, LLC**, to-wit:

    a.    Failure to exercise reasonable care for the safety of all persons traversing the area at issue in this matter;
    b.    Failure to properly supervise or instruct personnel regarding the construction of the area at issue in this matter;
    c.    Creation of and/or failure to eliminate hazardous or unsafe conditions;

- d. Failure to observe unsafe conditions or defective designs;
- e. Failure to rectify the dangerous-hazardous condition;
- f. Failure to place any warnings–adequate or otherwise–in regard to the hazardous condition at issue;
- g. Failure to provide alternative means to accomplish the goal;
- h. Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard regulations;
- i. Failure to provide Plaintiff with a safe place to work; and
- j. Failure to do that which should have been done so as to avoid the accident in question.

10.

Defendant, **KNIGHT WELL SERVICES, LLC**, violated the General Maritime Law to maintain a seaworthy vessel. Plaintiff's injuries were proximately caused by Defendant's, **KNIGHT WELL SERVICES, LLC**'s, breach of its duty to maintain a seaworthy vessel in the following respects:

- a. Failure to notice unreasonable risks of harm caused by the vessel in question;
- b. Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
- c. Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
- d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
- e. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;
- f. Failure to provide alternative means to accomplish the goal; and
- g. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances.

11.

Because Defendant, **KNIGHT WELL SERVICES, LLC** violated the General Maritime Law, it is liable to Plaintiff, **ROBERT FRITZ**, for General Tort Damages, including but not limited to general damages, medical expenses, lost wages, and all other remedies afforded under the General Maritime Law.

12.

Defendant, **KNIGHT WELL SERVICES, LLC**, violated the Jones Act and because Plaintiff was injured while in the service of the vessel, Defendant, **KNIGHT WELL SERVICES,**

LLC, is liable to Plaintiff to pay maintenance and cure until such a time that Plaintiff reaches maximum medical improvement, General Tort Damages- including general damages, medical expenses, and lost wages- and all other remedies afforded under the Jones Act.

13.

Defendant, **KNIGHT WELL SERVICES, LLC**, violated the Jones Act in the following respects:

a. Failure to notice unreasonable risks of harm caused by the vessel in question;
b. Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
c. Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
e. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;
f. Failure to provide alternative means to accomplish the goal; and
g. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances.

14.

Defendants named herein have violated Coast Guard and Occupational Safety and Health Administration (OSHA) rules and regulations so as to constitute negligence per se.

15.

Alternatively, Defendant, **KNIGHT WELL SERVICES, LLC**, violated 33 U.S.C.A. § 905(b) of the Longshore and Harborworkers' Compensation Act. Plaintiff's injuries were proximately caused by Defendants negligence in the following respects:

a. Failure to notice unreasonable risks of harm caused by the vessel in question;
b. Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
c. Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
d. Creation of and failure to eliminate hazardous or unsafe conditions;
e. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;
f. Failure to provide alternative means to accomplish the goal;

g.  Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances; and

h.  Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's crew.

16.

Plaintiff seeks punitive damages under General Maritime Law for the intentional, wanton, and/or reckless conduct of Defendant, which amounted to a conscious disregard for the rights of Plaintiff herein.

17.

As a result of the foregoing incident, Plaintiff has experienced severe pain and suffering, mental anguish and anxiety, residual physical and mental impairment and disability entitling him to damages for such in an amount exceeding the jurisdictional minimum of $75,000.00 and reasonable as set by this Court.

18.

As a result of the aforementioned accident and subsequent injuries set forth herein, Plaintiff has in the past incurred medical expenses, including treatment for the injuries he sustained in this accident and anticipates more medical expenses in the future.

19.

At the time of the accident and injuries set forth herein, Plaintiff was gainfully employed as a slick line operator with Defendant, **KNIGHT WELL SERVICES, L.L.C.** As a result of the accident, injuries and described disability herein, Plaintiff has suffered economic loss consisting of past, present and future loss of wages and loss of earnings capacity in a reasonable amount set by this Court.

**WHEREFORE, PLAINTIFF, ROBERT FRITZ,** prays for judgment against said Defendant, condemning said Defendant to pay Plaintiff a sum set by this Honorable Court, together

with interest and costs, and all other equitable relief.

**PLAINTIFF FURTHER PRAYS** for all legal interest from date of judicial demand until paid, all costs of these proceedings, all expert witness fees, all costs of medical reports, and all other just and equitable relief to which Plaintiff is entitled.

    Respectfully submitted:

    Galloway & Jefcoat, L.L.P.

    _____
    RUSTY GALLOWAY (#24100)
    P. O. Box 61550
    1925 Dulles Drive
    Lafayette, Louisiana 70596
    (337) 984-8020--telephone
    (337) 984-7011--fax
    *Attorney for Plaintiff*

13534

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT FRITZ | CIVIL ACTION NO.: |
| vs. | JUDGE: |
| KNIGHT WELL SERVICES, LLC | MAGISTRATE: |

VERIFICATION

PARISH OF LAFAYETTE

STATE OF LOUISIANA

BEFORE ME, Notary Public, personally came and appeared:

ROBERT FRITZ

who, after being duly sworn, did depose and say that he is the petitioner in the above and foregoing petition for damages, that he has read the petition, and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
Robert Fritz

SWORN TO AND SUBSCRIBED, before me, this __5__ day of __August__, 2014.

_____
Notary Public

JASON A. WEAVER
Notary Public
State of Louisiana
Bar Roll No.: 35582
Notary No.: 138154